UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ASHLEY MARIE JOHNSON, | ) | Case No. 22-12328-KHT |
| | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |

**EX PARTE MOTION FOR EXAMINATIONS PURSUANT TO FED.R.BANKR.P. 2004**

Debby Blouin ("Ms. Blouin"), a creditor and party-in-interest herein, respectfully moves this Court, *ex parte*, for an Order authorizing the examinations of (1) Ashley Marie Johnson, (2) Pueblo Bank and Trust Company LLC, (3) Wells Fargo, (4) ENT Credit Union, (5) Edward Janezich, (6) Total Energy Solutions, LLC, (7) The Bauer Group, LLC, and (8) Wagner Law Office, P.C., and states as follows:

**Factual and Procedural Background**

1. Ashley Marie Johnson (the "Debtor") filed for relief under Chapter 7 of Title 11 of the United States Code on July 13, 2022 (the "Petition Date").

2. In her Petition, the Debtor listed her source of income as "Operating a Business." *Id.*, pg. 9.

3. In 2020, her gross income was $449,182.02; in 2021, her gross income was $972,813.48; and in 2022, her gross income was $261,534.39. *Id.*

4. The Debtor identified herself as a member of Dash Pike Company, LLC, which was the "Parent Company for Debtor's 50% interest in Total Energy Solutions, LLC." *Dkt. No. 1*, pg. 14.

5. Total Energy Solutions is described as engaging in "solar sales." *Id.*

6. The Debtor scheduled a debt to Octave Blouin, Ms. Blouin's husband, in the amount of

$18,202.50 (the "Blouin Debt").[1] *Id.,* pg. 34. The debt was listed as a "Business Debt." *Id.*

7. The vast majority of the debts scheduled by the Debtor are classified as "business debt." *Id.*, pgs. 26-38.

8. The Debtor listed Total Energy Solutions and Edward Janezich ("Mr. Janezich") as a co-debtors on the Blouin Debt. *Id.*, pgs. 42 and 46.

9. Pre-petition, the Blouins contracted with Total Energy Solutions for the installation of solar energy system on their house located in La Veta, Colorado. The total contract price was approximately $38,000, of which the Blouins paid approximately $20,000.

10. The Meeting of Creditors was held on August 1, 2022. *Dkt. No. 7*.

11. At the Meeting of Creditors, the Debtor testified that despite what she listed in her Schedules, she was only a one-third owner of Total Energy Solutions, with Mr. Janezich owning the remaining two-thirds.

12. The Debtor's purported role in the company was to handle sales. Mr. Janezich was tasked with maintaining Total Energy Solutions' books and records.

13. The Debtor alleged she had not drawn a paycheck from Total Energy Solutions from January 1, 2022, through the Petition Date. She testified that the income listed in her Schedules was the gross amounts earned by Total Energy Solutions before accounting for costs of goods sold.

14. The Debtor testified that the majority of her debts, including the Blouin Debt, related to unfinished residential solar projects and that Total Energy Solutions had no ability to finish the projects.

---

[1] Although the Debtor's Schedules only list Octave Blouin, the contract was between Total Energy Solutions and both of the Blouins.

15. The Debtor stated that Total Energy Solutions maintained bank accounts with Pueblo Bank and Trust Company LLC; that she was a signatory on the accounts; and that the accounts were overdrawn or otherwise devoid of funds.

16. The Debtor testified that Total Energy Solutions had limited assets and had no materials, such as solar panels. In fact, the Debtor stated she was working with her bankruptcy counsel to liquidate Total Energy Solutions' remaining assets and wind down the company.

17. The Debtor stated she had retained The Bauer Group, LLC to audit the books and records of Total Energy Solutions. The Bauer Group finished its audit prior to the Petition Date.

## Rule 2004 Examination Requests

18. Based on the information currently available, there appears to be inconsistencies which Ms. Blouin would like clarified. The clarification requires additional information which are not contained in the bankruptcy filings. Accordingly, Ms. Blouin requests authority to examine several parties, as detailed below.

19. Ms. Blouin seeks to examine Pueblo Bank and Trust Company LLC. Total Energy Solutions maintained multiple accounts with Pueblo Bank and Trust Company LLC. Pueblo Bank and Trust Company LLC have documentation and information regarding the banking history and financial affairs of the Debtor and Total Energy Solutions. Such information will assist Ms. Blouin's investigation of the Debtor's pre-petition financial affairs.

20. Ms. Blouin seeks to examine Wells Fargo, and ENT Credit Union hold or held the personal bank accounts of the Debtor. Wells Fargo and ENT Credit Union have documentation and information regarding the banking history and financial affairs of the Debtor, and such information will assist Ms. Blouin's investigation of the Debtor's pre-petition financial affairs

21. Ms. Blouin also seeks to examine Mr. Janezich. Mr. Janezich is allegedly the majority owner of Total Energy Solutions and purportedly maintained the financial records for Total Energy Solutions. Mr. Janezich may have documentation and information on the Debtor and Total Energy Solutions, including information pertaining to how Total Energy Solutions and/or the Debtor disposed of the funds received from the Debtor's numerous creditors, including Ms. Blouin. Such information will assist Ms. Blouin's investigation of the Debtor's pre-petition financial affairs.

22. Ms. Blouin also requests authority to examine Total Energy Solutions. Total Energy Solutions may have documentation and information pertaining to how Total Energy Solutions and/or the Debtor disposed of the funds received from the Debtor's numerous creditors, including Ms. Blouin. Such information will assist Ms. Blouin's investigation of the Debtor's pre-petition financial affairs.

23. Ms. Blouin seeks to examine The Bauer Group. Per the Debtor's testimony at the Meeting of Creditors, The Bauer Group was retained to audit or otherwise examine Total Energy Solutions' books and records. It, therefore, has information regarding Total Energy Solutions, and possible the Debtor's, assets, and liabilities. In particular, it may have information pertaining to where the money obtained from the Debtor's numerous creditors, including Ms. Blouin, may have gone. Such information is within the proper scope of a Rule 2004 examination and any subpoena issued pursuant to the Court's Order granting this Motion. *Couch v. U.S.*, 409 U.S. 322 (1973).

24. Ms. Blouin requests authority to examine Wagner Law Office. Pre-petition, Wagner Law Office, as attorneys for Total Energy Solutions, sent letters to Total Energy Solutions' creditors advising Total Energy Solutions was formally closing and winding down its business. Wagner Law Office thus may have financial information provided by the Debtor

and/or Total Energy Solutions with regard to payments made to creditors and information regarding the Blouin Debt.

25. In conjunction with these Examinations, Ms. Blouin will request the production of certain records or documents which are believed to be in the possession of the Debtor, Pueblo Bank and Trust Company LLC, Wells Fargo, Ent Credit Union, Mr. Janezich, Total Energy Solutions, The Bauer Group, and Wagner Law Office. *See* Fed.R.Bankr.P. 9016; Fed.R.Civ.P. 45. These documents include but are not limited to the financial and business records of the Debtor, and the financial and business records of Total Energy Solutions.

26. For these reasons, Ms. Blouin seeks authority to conduct an examination of the Debtor, Pueblo Bank and Trust Company LLC, Mr. Janezich, Total Energy Solutions, The Bauer Group, and Wagner Law Office, pursuant to Fed.R.Bankr.P. 2004 in furtherance of Ms. Blouin's investigation as to the Debtor's financial condition, to any matter which may affect the administration of the Debtor's estate. *See In re Buick*, 174 B.R. 299, 306 (Bankr.D.Colo. 1994); *In re Blinder, Robinson & Co., Inc.*, 127 B.R. 267 (D.Colo. 1991).

27. This Motion is filed *ex parte* pursuant to L.B.R. 2004-1.

28. Once Ms. Blouin obtains a Court Order granting permission to conduct the foregoing examinations, counsel will confer with the Debtor, as well as Pueblo Bank and Trust Company LLC, Mr. Janezich, Total Energy Solutions, The Bauer Group, and Wagner Law Office, to arrange a time and place for the examinations; provide a list of topics to be examined and documents to be provided; and arrange for service of subpoenas.

WHEREFORE, MNB Bank respectfully moves this Court to enter an Order allowing Rule 2004 examinations of the (1) the Debtor; (2) Pueblo Bank and Trust Company LLC; (3) Wells Fargo; (4) ENT Credit Union; (5) Edward Janezich; (6) Total Energy Solutions; (7) The Bauer Group, and (8) Wagner Law Office; permitting the production of documents; and to grant such other and further relief as it deems appropriate.

Dated: August 19, 2022.

Respectfully submitted,
BUECHLER LAW OFFICE, L.L.C.

*/s/ Michael C. Lamb*
Michael C. Lamb, #33295
999 18th Street, Suite 1230-S
Denver, Colorado 80202
720-381-0045 / 720-381-0382 FAX
mcl@kjblawoffice.com

## CERTIFICATE OF SERVICE

I certify that on August 19, 2022, a copy of this ***EX PARTE* MOTION FOR EXAMINATIONS PURSUANT TO FED.R.BANKR.P. 2004** was served by CM/ECF filing to those who have consented to receive electronic filings and by placing it in the United States mail, postage prepaid, addressed to the following:

<u>VIA US MAIL</u>:
Ashley Marie Johnson
110 Deer Path Ave
Manitou Springs, CO 80829

<u>VIA CM/ECF</u>:
Todd Wagner, Esq.          Matthew D. Skeen Jr.
David M. Rich              US Trustee
Robert B. Cohen

/s/ *Gabriel Quintero*
For Buechler Law Office L.L.C.