UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ASHLEY MARIE JOHNSON ) | Case No. 22-12328-KHT |
| XXX-XX-1332 ) | |
| ) | Chapter 7 |
| Debtor. ) | |

### DEBTOR'S RESPONSES TO MOTIONS FOR EXTENSION OF TIME TO OBJECT TO DISCHARGE AND JOINDER TO MOTION FOR EXTENSION OF TIME TO OBJECT TO DISCHARGE

COMES NOW, Debtor Ashley Marie Johnson, by and through her attorney, Todd R. Wagner of Wagner Law Office, P.C., hereby submits Debtor's Responses to Motions for Extension of Time to Object to Discharge and Joinder to Motion for Extension of Time to Object to Discharge (the "Response") as follows:

### PROCEDURAL HISTORY

1. On June 29, 2022, Debtor filed her Chapter 7 Bankruptcy. Debtor appeared for her telephonic 341 Meeting of Creditors on August 1, 2022. The deadline for any party to object to Debtor's discharge was September 30, 2022.

2. Creditors David Usery and Peggy Usery Heil (the "Userys") are represented by attorney David M. Rich of Buechler Law Office, L.L.C. ("Rich"). Rich entered his appearance on the record on behalf of the Userys on August 1, 2022 at Docket No. 14.

3. Creditor Debby Blouin ("Blouin") is represented by attorney Michael Lamb of Buechler Law Office, L.L.C. ("Lamb"). Lamb entered his appearance on the record on behalf of Blouin on August 2, 2022 at Docket No. 15.

4. Creditor Wendy Dumas ("Dumas") is represented by attorney Matthew D. Skeen Jr. of Skeen & Skeen, P.C ("Skeen"). Skeen entered his appearance on the record on behalf of Dumas on August 16, 2022 at Docket No. 19.

5. Upon recollection, attorneys from both Buechler Law Office, L.L.C. and Skeen & Skeen, P.C. appeared at and inquired of Debtor at the August 1, 2022 Meeting of Creditors.

6. On August 19, 2022, Blouin filed her Ex-Parte Motion for 2004 Examination of Ashley Johnson, Pueblo Bank and Trust Company LLC, Wells Fargo, Ent Credit Union, Edward Janezich, Total Energey Solution, LLC, The Bauer Group, LLC and Wagner Law Office, P.C. (the "Blouin's 2004 Motion") at Docket No. 20.

7. Debtor did not object to Blouin's 2004 Motion. On August 26, 2022, Blouin's 2004 Motion was granted by this Court at Docket No. 21.

1

8. On September 27, 2022, the Userys filed their Motion for Extension of Time to Object to Discharge (the "Usery Motion to Extend"). The Usery Motion to Extend requests that the Court enter an Order extending the date to object to discharge under 11 U.S.C. § 523 or 11 U.S.C. § 727 to November 29, 2022.

9. On September 27, 2022, Dumas filed her Joinder to Motion for Extension of Time to Object to Discharge (the "Dumas Motion to Extend"). The Dumas Motion to Extend also requests that the Court enter an Order extending the date to object to discharge under 11 U.S.C. § 523 or 11 U.S.C. § 727 to November 29, 2022.

10. On September 27, 2022, Blouin filed her Motion for Extension of Time to Object to Discharge (the "Blouin Motion to Extend"). The Blouin Motion to Extend also requests that the Court enter an Order extending the date to object to discharge under 11 U.S.C. § 523 or 11 U.S.C. § 727 to November 29, 2022.

11. On September 29, 2022, undersigned counsel was served a subpoena *duces tecum* from Blouin and directed to Wagner Law Office, P.C. with a deadline of October 6, 2022 (six days after the discharge objection bar date) to comply. A copy of the subpoena is attached hereto as Exhibit A.

12. No creditor filed a complaint objecting to discharge pursuant to 11 U.S.C. § 523 or 11 U.S.C. § 727 by the bar date of September 30, 2022.

## LEGAL AUTHORITY

13. Except as otherwise provided in subdivision (d), a complaint to determine the dischargeability of a debt under §523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under §341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

FED.R.BANKR.P. 4007(c).

14. In a chapter 7 case, a complaint, or a motion under §727(a)(8) or (a)(9) of the Code, objecting to the debtor's discharge shall be filed no later than 60 days after the first date set for the meeting of creditors under §341(a).

FED.R.BANKR.P. 4004(a).

15. On motion of any party in interest, after notice and hearing, the court may for cause extend the time to object to discharge.

FED.R.BANKR.P. 4004(b)(1).

16. The court may enlarge the time for taking action under Rules 1006(b)(2), 1017(e), 3002(c), 4003(b), 4004(a), 4007(c), 4008(a), 8002, and 9033, only to the extent and under the conditions stated in those rules.

FED.R.BANKR.P. 9006(b)(3).

17. It is a basic rule of statutory construction that a statute must be interpreted to mean what it says. *DeMassa v. MacIntyre, (In re MacIntyre)*, 74 F.3d 186, 189 (9th Cir.1996).

This concept must also apply when interpreting the bankruptcy rules. *See Taylor v. Freeland & Kronz*, 503 U.S. 638, 644 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992) (statutes and rules mean what they say even though they may lead to unwelcome results).

18. Deadlines in the bankruptcy rules mean what they say. The deadline to file complaints to except debts from discharge or to object to a debtor's discharge (generally, "discharge objections") is 60 days after the first scheduled § 341 meeting of creditors. That deadline may only be extended for cause and the party seeking the extension has the burden to show it. *In re Schepmann*, No. 18-11877 (Bankr. D. Kan. Mar. 7, 2019).

19. Thus, if Fed.R.Bankr.P. 4007 states that "cause" must be demonstrated, then the Court does not agree that the movant's burden of proof can be satisfied with only a scintilla of evidence. *In re Stonham*, 317 B.R. 544, 547 (Bankr. D. Colo. 2004).

20. Fed.R.Bankr.P. 4007, enacted specifically to apply to dischargeability complaints, does not include "excusable neglect" as a basis for granting the enlargement of that deadline. Therefore, application of that standard is improper. *See In re Grillo*, 212 B.R. 744, 746 (Bankr.E.D.N.Y.1997).

21. The power to extend the 60-day deadlines prescribed in the Rules "rests entirely within the discretion of the bankruptcy judge and should not be granted without a showing of good cause, and without proof that the creditor acted diligently to obtain facts within the bar date ... but was unable to do so." *In re Farhid*, 171 B.R. 94, 96, (N.D.Cal.1994) (citation omitted). The power is to be exercised cautiously and not where lack of diligence by the creditor appears. *Id*. at 97.

22. In *Taylor*, the court strictly construed the 30-day deadline in Rule 4003(b) for filing objections to a debtor's exemptions. 503 U.S. at 643- 45, 112 S.Ct. 1644. "Deadlines may lead to unwelcome results, but they prompt parties to act and they produce finality." *Id*. at 644, 112 S.Ct. 1644. "Thus, the *Taylor* holding that any right to an extension must be strictly construed should carry over to analysis of discharge/dischargeability extensions." *See In re Desiderio*, 209 B.R. 342, 346 (Bankr.E.D.Pa.1997).

23. One court, considering the request under Rule 4004(b) for an extension of time to object to the chapter 7 discharge, compiled a list of "cause" factors which the court should consider. *In re Nowinski*, 291 B.R. 302 (Bankr.S.D.N.Y.2003). The four *Nowinski* factors applicable here are: (1) whether the moving party had sufficient notice of the deadline and information to file an objection, (2) the complexity of the case, (3) whether the moving party has exercised diligence, and (4) whether the debtor has been uncooperative or acted in bad faith. *Id*. at 305-06.

## **THE USERY MOTION TO EXTEND**

24. The Usery Motion to Extend was filed only three days prior to the September 30, 2022 deadline and cites no legal authority in support of her request for an extension of the deadline to object to dischargeability. The Userys want additional time to file a complaint pursuant to both Section 523 and Section 727.

25. The Userys did not file a Rule 2004 motion for examination requesting documentation from Debtor; rather, the Userys state that another, separate and distinct creditor, Blouin, had her 2004 Motion granted and that they, the Userys, were waiting on those documents. This is the sole "cause" set forth by the Userys as the basis for the extension request.

3

26. Other than having her attorney appear at the August 1, 2022 Meeting of Creditors, the Userys have not otherwise participated in this case either formally or informally. Additionally, the Userys have not requested a 2004 examination of Debtor; thus, no documents were due from Debtor to the Userys.

27. The Userys did not promptly investigate Debtor's circumstances. The Userys did not show a reasonable degree of due diligence which would justify an extension of the deadline. The Userys have not met their burden of demonstrating "cause" as strictly required by applicable legal authority which would support an extension of time to object to dischargeability.

### **THE DUMAS MOTION TO EXTEND**

28. The Dumas Motion to Extend was filed only three days prior to the September 30, 2022 deadline and cites no legal authority in support of her request for an extension of the deadline to object to dischargeability. It is unclear whether Dumas wants additional time to file a complaint pursuant to Section 523 or Section 727, or both.

29. The Dumas Motion to Extend states that she "has not received any documents requested through the 2004 examination and cannot determine if an objection to dischargeability is fully supported, or draft and file the objection before the looming September 30 deadline." This is the sole "cause" set forth by Dumas as the basis for her extension request.

30. Other than having her attorney appear at the August 1, 2022 Meeting of Creditors, Dumas has not otherwise participated in this case either formally or informally. Additionally, Dumas has not requested a 2004 examination of Debtor; thus, no documents were due from Debtor to Dumas.

31. Dumas did not promptly investigate Debtor's circumstances. Dumas did not show a reasonable degree of due diligence which would justify an extension of the deadline. Dumas has not met her burden of demonstrating "cause" as strictly required by applicable legal authority which would support an extension of time to object to dischargeability.

### **THE BLOUIN MOTION TO EXTEND**

32. The Blouin Motion to Extend was filed only three days prior to the September 30, 2022 deadline and cites no legal authority in support of her request for an extension of the deadline to object to dischargeability. Blouin want additional time to file a complaint pursuant to both Section 523 and Section 727.

33. The Blouin Motion to Extend states that subpoenas have been issued to eight (8) parties and that she did not expect most of the documents until mid-October. What Blouin does not inform the Court is that the subpoenas were issued merely days before the discharge objection deadline of September 30, 2022 and nearly a month after this Court granted the 2004 Motion on August 26, 2022.

34. As an example, undersigned counsel was not served with a subpoena until September 29, 2022 with the deadline set forth to produce the requested documents as October 6, 2022 which is 6 days after the deadline to object to dischargeability. Waiting on receipt of the subpoenaed documents is the sole "cause" set forth by Blouin as the basis for her extension request.

4

35. Other than the late September subpoenas, Blouin made no other attempt to obtain documents from Debtor. She did not request any financial records from undersigned counsel and did not request a copy of the most recently filed tax return prior to the Meeting of Creditors.

36. Serving subpoenas, a week before the deadline to object to dischargeability, does not meet the burden of demonstrating "cause" as strictly required by relevant legal authority. Blouin was clearly aware of the filing of the case. Her attorney appeared at the Meeting of Creditors on August 1, 2022 and entered his appearance in the case on August 2, 2022. According to the brief, unverified allegations set forth in the Bloutin Motion to Extend, a potential dischargeability complaint would not appear to be overly complex to draft and file. By failing to issue subpoenas in a timely manner or otherwise requesting any documents directly from Debtor, Blouin did not show a reasonable degree of due diligence which would justify an extension of the deadline. Blouin has not met her burden of demonstrating "cause" as strictly required by applicable legal authority which would support an extension of time to object to dischargeability.

## **CONCLUSION**

37. The sole issue before the Court is whether the various Movants (Dumas, Blouin and the Userys) have separately met their burden of demonstrating "cause" as it is defined by supporting legal authority in requesting this Court to extend the deadline for filing an objection to dischargeability to November 29, 2022.

38. Dumas, Blouin and the Userys have all been involved since the early stages of this case as demonstrated by the entry of appearances filed by their attorneys in early August, 2022. In other words, each of the creditors had early notice of the bankruptcy filing providing them early notice of the deadline for the filing of objections. Each of the attorneys representing these creditors are well-versed in bankruptcy matters.

39. Upon information and belief, there is no great complexity in regards to the potential, non-dischargeability claims of these creditors. Each of these creditors could have filed timely complaints objecting to dischargeability but intentionally chose not to.

40. None of these creditors exercised due diligence. The legal arguments set forth in the three, separate motions are virtually non-existent and certainly do not meet their burdens of demonstrating sufficient "cause" to justify an extension of the deadline to object to dischargeability.

41. In the end, Debtor has been cooperative in this proceeding. None of the creditors are alleging that Debtor has not cooperated or otherwise met her statutory burdens of disclosure. Instead, the creditors have drug their feet, have not moved forward in a diligent manner and waited until 3 days prior to the objection deadline to generically request that this Court double the amount of time for them to file a complaint.

42. Ultimately, deadlines should mean something. They exist so that parties will act in a timely manner. These creditors were all aware of the bankruptcy filing and all of them obtained legal representation early in the proceeding. The creditors proceeded in a nonchalant manner with no respect for the deadlines set forth in the Bankruptcy Code fully expecting this Court to extend the deadline without so much as citing any legal authority for making such a request or meeting it legal burden of demonstrating a "cause" for the request.

WHEREFORE, Debtor Ashley Marie Johnson respectfully requests that this Court enter an Order denying the Motions to Extend the Deadline to Object to Dischargeability filed by Dumas, Bloutin and the Userys and for such other relief as the Court deems proper.

DATED this 11th day of October, 2022.

WAGNER LAW OFFICE, P.C.

*/s/ Todd R. Wagner*
Todd R. Wagner, Reg. No. 33998
3969 E. Arapahoe Road, Suite 200
Centennial, CO 80122
Phone: (303) 996-0149
todd@wagnerlawofficepc.com
